Filed 9/26/23  P. v. Jimenez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ROBERT CHRISTOPHER JIMENEZ, <br><br> Defendant and Appellant. | H047776 <br> (Santa Clara County <br> Super. Ct. No. CC272706) |

**MEMORANDUM OPINION**[1]

Robert Christopher Jimenez appealed from the trial court's denial of his petition for resentencing under Penal Code former section 1170.95.[2]  We dismissed the appeal after appointed counsel determined there were no arguable issues and filed a brief under *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  The California Supreme Court then granted review and transferred the matter back to this court with directions to vacate our prior order dismissing the appeal and reconsider whether to exercise our discretion to conduct an independent review of the record or provide any other relief in light of *People*

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

[2] Subsequent undesignated statutory references are to the Penal Code.  The Legislature renumbered former section 1170.95 to section 1172.6 without substantive changes.  (See *People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2.)  We refer to former section 1170.95 as section 1172.6 for the remainder of this opinion.

*v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Accordingly, we have exercised our discretion to conduct an independent review of the record, and for the reasons below, we will affirm the order denying resentencing.

The facts of the offense are set forth in our unpublished opinion on appeal filed in 2005.[3] Jimenez's family was watching a football game in a living room at home, and everyone left the room at halftime except for Jimenez and his mother's husband, Sal Munoz. A family member in another part of the house heard two sounds like firecrackers and went to the living room where he saw Jimenez standing with his arm extended and a gun in his hand pointed at Munoz. Munoz later died of two gunshot wounds to his head and neck.

After a bench trial, the trial court convicted Jimenez of second degree murder and possession of a firearm by a felon, and the court found true allegations that he personally used a firearm and had various prior convictions. (§§ 187, 667, subds. (a)–(i), 667.5, subd. (b), 12021, subd. (a)(1), 12022.53, subd. (d).) The trial court found Jimenez committed the murder with express malice based on evidence that the unarmed victim was killed with two gunshots to the head fired from close range. The trial court imposed an aggregate term of 70 years to life consecutive to a five-year term in state prison. On direct appeal, we stayed the sentence for the firearm count and affirmed the judgment as modified.

In April 2019, Jimenez filed a pro se petition for resentencing under section 1172.6. Jimenez checked boxes on the petition form indicating he had been convicted "pursuant to the felony murder rule or the natural and probable consequences doctrine," and that he could not now be convicted of second degree murder under sections 187 and 189 as revised effective January 1, 2019. The prosecution opposed the petition in a written filing that attached relevant excerpts from the reporter's transcripts of the bench

---

[3] *People v. Jimenez* (July 21, 2005, H027730) [nonpub. opn.].

trial as well as other portions of the record of conviction. Jimenez was appointed counsel, who filed a request that the trial court independently review the record in "a procedure similar to the one outlined in *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106." The trial court denied the petition on the ground that Jimenez was ineligible for relief under section 1172.6.

Jimenez appealed and we appointed counsel, who found no arguable issues for appeal and filed a brief under *Serrano*, *supra*. In light of counsel's position, we notified Jimenez of his right to respond, and Jimenez responded with a three-page supplemental letter brief raising various claims of procedural defects in the original trial proceedings— e.g., ineffective assistance of trial counsel, due process violations, and sentencing error, among other claims. None of those claims is cognizable in a petition for resentencing under section 1172.6 or otherwise relevant to the merits of the petition. Jimenez did assert one claim arguing in substance that he was denied a fair hearing on his petition for resentencing, but the record does not support this claim. Jimenez was appointed counsel to represent him for the petition. Both parties filed briefs on the matter, and the trial court held a hearing at which Jimenez was present and his counsel was heard. We concluded Jimenez had failed to raise any arguable issues regarding the dismissal of his petition for resentencing, and we dismissed the appeal in August 2021.

Jimenez petitioned for review in the California Supreme Court, whereupon the court granted review and deferred briefing pending the resolution of *Delgadillo*, *supra*. After resolving *Delgadillo*, the court transferred the matter back to us with directions to vacate our order of dismissal and reconsider whether to exercise our discretion to conduct an independent review of the record. Accordingly, we vacated our prior order of dismissal and we now reconsider the matter in light of *Delgadillo*.

As relevant here, *Delgadillo* prescribes the following procedures for the courts of appeal in adjudicating an indigent defendant's appeal from the denial of a petition under section 1172.6: "When appointed counsel finds no arguable issues to be pursued on

appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter. [Citations.] [¶] If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues. [Citations.]" (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) However, "[w]hile it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal. [Citations.]" (*Id.* at p. 232.)

We have complied with the prescribed procedures, and as stated above, Jimenez submitted a supplemental letter brief in response to our letter notifying him of appointed counsel's brief as filed under *Serrano*, *supra*. Furthermore, we have exercised our discretion to independently review the record.

Jimenez was convicted of second degree murder; the court found he acted with express malice; and there is no evidence any other person participated in the commission of the murder. The record unequivocally establishes that neither felony murder nor the doctrine of natural probable consequences could have been the basis for the murder conviction. As the sole and actual perpetrator of the murder, Jimenez is ineligible for resentencing as a matter of law. (*People v. Garcia* (2022) 82 Cal.App.5th 956, 969–971 [affirming denial of resentencing because record of conviction "unequivocally establishes" defendant was the sole perpetrator and actual killer].) Furthermore, Jimenez's conviction was final many years ago, precluding any retroactive application of recent ameliorative changes in the sentencing laws.

4

Based on our independent review of the record, and for all the reasons above, we conclude there are no arguable issues on appeal.

## DISPOSITION

The order denying the petition for resentencing is affirmed.

_____
Greenwood, P. J.

WE CONCUR:

_____
Grover, J.

_____
Danner, J.

H047776
People v. Jimenez